IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLIE RIVERA, | : | Civil No. 1:22-CV-01976 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J. SAGE, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Petitioner Charlie Rivera ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging his conviction and accompanying sentence imposed by this court on the basis that he is no longer a career offender under *United States v. Jamison* and *United States v. Miller*. (Doc. 1.) For the reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

In 2015, Petitioner pled guilty to a drug charge under 21 U.S.C. § 841(a). *United States v. Rivera*, No. 1:13-cv-00128-CCC-1 (M.D. Pa.), Doc. 62. In 2016, he was classified as a career offender pursuant to the United States Sentencing Guidelines based on two prior state-court convictions, and he was sentenced to a below-guidelines-range sentence of 120 months in prison. *Id.*, at Doc. 84. He did not appeal.

1

On Mach 5, 2018, Petitioner filed an initial pro se motion pursuant to 28 U.S.C. § 2255, alleging a Tenth Amendment violation, challenging the constitutionality of § 841(a)(1), arguing that he is no longer a career offender, and seeking to invalidate his guilty plea based on ineffective assistance of counsel. *Id.*, at Doc. 89. Without briefing, the court dismissed the petition as untimely. *Id.*, at Doc. 90. Petitioner then appealed and requested a certificate of appealability before the Third Circuit Court of Appeals, which affirmed this court's dismissal. *Id.*, at Docs. 93, 105.

While the appeal was pending with the Third Circuit, Petitioner filed two motions for reconsideration, both of which were denied. *Id.*, at Docs. 91, 95, 96, 98, 102. Petitioner filed a second appeal and request for a certificate of appealability that was denied by the Third Circuit. *Id.*, at Docs. 128, 130, 131.

In December of 2022, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his career offender designation. (Doc. 1.) Respondent timely filed a response on March 10, 2023. (Doc. 10.) On March 30, 2023, the court received an empty envelope from Petitioner. (Doc. 12.) On September 20, 2023, the court received and docketed a traverse from Petitioner that was dated March 22, 2023. (Doc. 13.) Also included was a letter stating that this was originally sent in March of 2023. (Doc. 15.) Therefore, the court deems the traverse as timely filed.

On June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465, (2023) expressly overruling the Third Circuit's previous application of the saving clause to permit federal prisoners to bring § 2241 petitions in limited circumstances in *In re Dorsanvail*, 119 F.3d 245 (3d Cir. 1997). Petitioner then filed a motion to supplement and amend his petition, which the court deems as supplemental briefing in further support of his petition in light of the Supreme Court's decision. (Doc. 14.) Respondent did not file any supplemental briefing.

The court will now address the pending § 2241 petition.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is currently being held at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, venue in this district is proper.

## DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring such challenges by way of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. The Third Circuit

has stated that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Section 2255 provides, in relevant part, as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

\*\*\*

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

4

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255.  Subsection (e) is commonly referred to as the "saving clause."

In *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), a petitioner filed a § 2241 petition challenging his federal sentence based on new Supreme Court precedent interpreting his statute of conviction.  *See id*. at 1864.  The petitioner had previously filed a § 2255 petition which was resolved on the merits, but argued that he could challenge his sentence anew by way of a § 2241 petition pursuant to § 2255(e)'s saving clause because his challenge was foreclosed by binding circuit precedent and therefore a § 2255 remedy was "inadequate or ineffective" to test the legality of his sentence.  *See id*.  The Supreme Court affirmed the dismissal of the § 2241 petition for lack of jurisdiction, stating as follows:

> [T]he saving clause does not authorize an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*See id*. at 1868 (expressly overruling the Third Circuit's previous application of the saving clause to permit federal prisoners to bring § 2241 petitions in limited circumstances in *In re Dorsanvail*, 119 F.3d 245 (3d Cir. 1997)).  Accordingly,

after *Jones*, the saving clause contained in § 2255(e) "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *See id*. at 1864.

Here, as detailed above, Petitioner previously filed a § 2255 motion that was denied as untimely. Accordingly, pursuant to *Jones*, Petitioner cannot challenge his sentence by way of a § 2241 petition unless his claim fits within the parameters of § 2255(h). *See Jones*, 143 S. Ct. at 1864.

Petitioner asserts that *United States v. Jamison* and *United States v. Miller* lead to the conclusion that he should no longer be designated as a career offender. (Doc. 1, p. 6.)[1] Petitioner provides no citation to these cases, but the court presumes that Petitioner is referring to *United States v. Jamison*, 502 F. Supp. 3d 923 (M.D. Pa. 2020) and *United States v. Miller*, 480 F. Supp. 3d 614 (M.D. Pa. 2020). In *Miller*, this court adopted the reasoning of the Second, Fifth, Eighth, Ninth, and Tenth Circuits in support of its conclusion that the definition of "controlled substance" under U.S.S.G. § 4B1.2(b) must be the one contained in the Controlled Substances Act ("CSA"). *Id*. at 619–21. In *Jamison*, this court adopted the reasoning in *Miller* to conclude that a "controlled substance" under U.S.S.G. § 4B1.2(b) must be one contained in the CSA's schedules. *Id*. at 929.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

These are district court cases, and do not represent a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" under 28 U.S.C. § 2255(h).  Accordingly, Petitioner's § 2241 petition is an unauthorized successive collateral attack on his sentence and the court must dismiss the petition for lack of jurisdiction pursuant to § 2255(h).

## CONCLUSION

Accordingly, for the foregoing reasons, the court will dismiss the instant § 2241 petition and close the case.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: December 28, 2023